**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Jacqueline Lani, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   12 C 3771 |
| | ) | |
| PCA Acquisitions V, LLC, d/b/a Portfolio | ) | |
| Asset Group, a Delaware limited liability | ) | |
| company, Phillips & Cohen Associates, | ) | |
| Ltd., a New Jersey corporation, and | ) | |
| Creditors Interchange Receivable | ) | |
| Management, LLC, a Delaware limited | ) | |
| liability company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Jacqueline Lani, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendants' debt

collection actions violated the FDCPA, and to recover damages for Defendants'

violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) many of the acts and

transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.      Plaintiff, Jacqueline Lani ("Lani"), is a citizen of the State of Colorado, from

whom Defendants attempted to collect a delinquent consumer debt she allegedly owed

originally for a Target credit card, which was then allegedly owed to PCA Acquisitions V, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, PCA Acquisitions V, LLC, d/b/a Portfolio Asset Group ("PCA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  PCA operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant PCA was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant, Phillips & Cohen Associates, Ltd. ("P&C"), is a New Jersey corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant P&C operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including many thousands of consumers in the State of Illinois.  In fact, Defendant P&C was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.     Defendant, Creditors Interchange Receivable Management, LLC ("CIRM"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  CIRM operates a nationwide

2

delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant CIRM was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7.     Defendant PCA is a bad debt buyer that acquires portfolios of defaulted consumer debts, which it then collects upon through other collection agencies, such as Defendants P&C and CIRM. Moreover, PCA and P&C are sister corporations related through common ownership, officers, directors, members and management.

8.     Defendants PCA, P&C and CIRM are each authorized to conduct business in Illinois, and maintain a registered agent here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, each Defendant conducts substantial and extensive business in Illinois.

9.     Moreover, Defendants P&C and CIRM are each licensed as a collection agency in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, each Defendant acts as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

10.     Ms. Lani is a senior citizen, with limited assets and income, who fell behind on paying her bills. At some point in time PCA bought her delinquent Target account, and when PCA began trying to collect that debt from Ms. Lani, by having Defendant P&C send her a collection letter, dated August 22, 2011, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program,

regarding her financial difficulties and Defendants' collection actions. A copy of Defendants' collection letter is attached as Exhibit C.

11.     Accordingly, on October 16, 2011, one of Ms. Lani's attorneys at LASPD informed Defendants, in writing, that Ms. Lani was represented by counsel, and directed P&C to cease contacting her, and to cease all further collection activities because Ms. Lani was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit D.

12.     Undeterred, Defendants PCA and P&C then had Defendant CIRM send Ms. Lani a collection letter, dated March 8, 2012, which demanded payment of the Target debt. A copy of this collection letter is attached as Exhibit E.

13.      This required Ms. Lani's attorneys at LASPD to again write to Defendants on March 14, 2012, to reiterate that Ms. Lani was represented by counsel, and that they were to cease all further collection activities because Ms. Lani was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit F.

14.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

16.     Plaintiff adopts and realleges ¶¶ 1-15.

4

17.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

18.     Here, the letter from Ms. Lani's, agent/attorney, LASPD, told Defendants to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

19.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

20.     Plaintiff adopts and realleges ¶¶ 1-15.

21.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

22.     Defendants knew that Ms. Lani was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing (Exhibit D), that she was represented by counsel, and had directed Defendants to cease directly communicating with her.  By directly sending Ms. Lani a collection letter (Exhibit

E), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Jacqueline Lani, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Lani, and against Defendants PCA, P&C and CIRM, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jacqueline Lani, demands trial by jury.

Jacqueline Lani,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  May 16, 2012

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com